IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PORFIRIO PERALTA VASQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 11-0382-KD-C |
| ) | |
| YEN FEI WANG, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The action is before the Court on the defendants' motion to amend answers (doc. 28). Defendants seek to amend their answers to clarify the time period during which Porfirio Vasquez was employed by each of the defendants. Upon consideration and for the reasons set forth herein, the motion is GRANTED and defendants shall file their amended answer on or before April 13, 2012.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and sets forth in relevant part as follows:

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires

Fed. R. Civ. P. 15(a)(2).

The opposing party, Vasquez, did not give written consent nor respond to this Court's order requiring a response to defendants' motion on or before April 3, 2012. Therefore, the Court must determine whether justice requires that leave to amend should be given.

Generally, in the absence of any reason to deny the motion, such as undue prejudice to the non-movant, undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies on the part of the movant, or futility, leave to amend should be freely given when

justice so requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Therefore, "there must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim.App.*, 256 F.3d 1266, 1274 (11th Cir.2001). Also, the federal rules favor allowing amendments. *Dussouy v. Gulf Coast Investment Co.*, 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.").

In the motion, defendants state that language-based miscommunication caused counsel to misstate when plaintiff was employed by each defendant but the amended answer correctly states the time periods at issue. The motion was timely filed on March 20, 2012, in that the scheduling order was amended to allow motions for leave to amend pleadings by March 22, 2012 (doc. 27). Discovery concludes June 1, 2012. Therefore, the parties have sufficient time for discovery as to defendants' answer. In that regard, discovery may "disclose more precisely the basis of both claim and defense" and "define more narrowly the disputed facts and issues." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99 (1957).

Additionally, plaintiff did not advise the Court as to any prejudice which may result should the Court allow the amendment and did not provide any evidence that defendants acted in bad faith or with a dilatory motive, or that amending the answer would be futile. The docket does not indicate that defendants engaged in undue delay or repeatedly failed to cure deficiencies. Accordingly, the motion for leave to amend the answer is due to be granted.

**DONE** and **ORDERED** this the 6th day of April, 2012.

         **s/ Kristi K. DuBose**
         **KRISTI K. DuBOSE**
         **UNITED STATES DISTRICT JUDGE**