IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PORFIRIO PERALTA VASQUEZ, | : | |
| Plaintiff, | : | |
| vs. | : | CA 11-0382-KD-C |
| YAN FEI WANG, et al., | : | |
| Defendants. | | |

**REPORT AND RECOMMENDATION**

This is an action brought by plaintiff under the Fair Labor Standards Act of 1938, as amended, 29U.S.C. § 201, *et seq.*, to recover unpaid minimum and overtime wages. (Doc. 1; *see also* Doc. 6 (amended complaint).) The matter comes before the undersigned, for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), on the defendants' motion to dismiss for failure to attend deposition (Doc. 41). Upon consideration of the contents of the motion to dismiss, and all other relevant pleadings in this case, it is **RECOMMENDED** that the motion to dismiss (Doc. 41) be **GRANTED**.

**FACTUAL BACKGROUND**

By previous order entered on July 9, 2012, the discovery cutoff date in this case was extended to August 1, 2012. (Doc. 37.) On the discovery cutoff date, that is, August 1, 2012, the defendants filed a motion to dismiss for failure to attend deposition or, alternatively, to compel plaintiff's deposition. (Doc. 38.) Based upon the contents of that motion to dismiss, as well as the comments of counsel during the telephone conference conducted on August 1, 2012, the undersigned found that plaintiff's counsel had "lost all contact with the plaintiff" and could not "locate Mr. Vasquez." (Doc. 39, at 2.) The

undersigned, however, declined to grant the defendants' request for dismissal of this action as a sanction, pursuant to Rule 37, because the defendants never properly noticed plaintiff's deposition (*see id.* at 2 (discussing that the sanction of dismissal for failure to attend deposition can only be ordered when a party "fails, after being served with proper notice, to appear for that person's deposition[,]" Fed.R.Civ.P. 37(d)(1)(A)), but did grant the defendants' alternative request to compel plaintiff's deposition (*id.* at 3). To this end, the undersigned extended the discovery period to September 7, 2012, "for the sole purpose of [] taking plaintiff's deposition." (*Id.*)

> Counsel for the defendants is to serve counsel for plaintiff with proper written notice of plaintiff's deposition, in accordance with Fed.R.Civ.P. 30(b), at a mutually-agreed upon time and place, whether prior to or on September 7, 2012. Should plaintiff fail to appear for his properly-noticed deposition, counsel for defendants should file an appropriate motion, with supporting evidence, not later than **September 17, 2012.**

(*Id.*)

Counsel for the defendants has represented to this Court that "the parties agreed to set the Plaintiff's deposition for 10:00 am, September 7, 2012 at Defendants' counsel's office." (Doc. 41, at 2.) The deposition notice was issued by counsel for the defendants on August 15, 2012 and contains the aforementioned agreed-upon time and place. (*Compare* Doc. 41, Exhibit 1 to CERTIFICATE OF NON-APPEARANCE *with* Doc. 40 (notice of service dated August 15, 2012).)

On September 6, 2012, counsel for the defendants emailed plaintiff's counsel and advised him that the court reporter would be at her offices the following day for Vasquez's deposition. (*See* Doc. 41, Exhibit 2 to CERTIFICATE OF NON-APPEARANCE, at 2.) "Not sure if you want to come here or if we could just get you on the phone if you want to put on the record what you did to attempt to locate

Vasquez. Just let me know if you'd rather us call." (*Id.*) At 8:19 a.m. on September 7, 2012, plaintiff's counsel emailed counsel for the defendants and advised her that he would not be present at defense counsel's offices nor would he be available by telephone. (*Id.* at 1.) "You may put this email in the record stating that Mr. Vasquez could not be found. Do not order a copy of the transcript for me." (*Id.*) Counsel for the defendants placed the following information on the record on September 7, 2012:

> This is Elizabeth Rehm. I am the attorney for all of the defendants. The deposition of the plaintiff was noticed today for 10:00 a.m. at my offices. This was a mutually agreed upon time with the attorney for the plaintiff. . . . I have [] been advised by counsel for plaintiff, Banks Ladd, that he has been unable to locate his client and . . . has no idea where he is. And he asked me to make that comment and put this email that he sent me this morning regarding that as a part of the record.

(Doc. 41, CERTIFICATE OF NON-APPEARANCE.)

On September 17, 2012, the defendants timely filed the instant motion to dismiss, pursuant to Federal Rule of Civil Procedure 37, for failure to attend deposition. (Doc. 41.)

## CONCLUSIONS OF LAW

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . ., the court where the action is pending may issue further just orders[,]" including the issuance of an order "dismissing the action or proceeding in whole or in part[.]" *Id.* Rule 37(d)(1)(A)(i) & (3) authorizes the same sanction if a party fails to appear for his properly-noticed deposition. *Id.*[1]

---

[1] In addition, where "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). "This Rule authorizes a district court to dismiss an action for failure to prosecute when two conditions are met: a clear record of delay or willful contempt and an

3

> While disfavored, "dismissal [with prejudice under Rule 37] may be appropriate when plaintiff's recalcitrance is due to willfulness, bad faith or fault." *Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir. 1993). There is a "need for strict adherence to Rule 37 so as to prevent parties from 'flouting discovery orders.'" *Citronelle-Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1304 (11th Cir. 1991) (quoting *National Hockey League, [] v. Metropolitan Hockey Club, Inc. [],* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).

*Reed v. Fulton County Government,* 170 Fed.Appx. 674, 675 (11th Cir. Mar. 14, 2006), *cert. denied,* 549 U.S. 1124, 127 S.Ct. 950, 166 L.Ed.2d 725 (2007); *see also Clark v. Keen,* 2009 WL 179674, *4 (M.D. Fla. Jan. 23, 2009) ("Dismissal with prejudice is the most severe Rule 37 sanction and is not favored but[] dismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault. Dismissal is appropriate when a party demonstrates a flagrant disregard for the court and the discovery process. However, a violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 dismissal. The severe sanction of a dismissal . . . is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." (internal quotation marks, brackets, and citations omitted)), *aff'd,* 346 Fed.Appx. 441 (11th Cir. Sept. 23, 2009).[2]

In this case, counsel for the defendants did not file the first motion to dismiss or, alternatively, to compel plaintiff's deposition (Doc. 38) until after being informed by

---

implicit or explicit finding that a lesser sanction w[ill] not suffice." *Cowe v. Equifax Credit Reporting,* 2010 WL 925288, *2 (N.D. Ga. Mar. 8, 2010), citing *Gratton v. Great American Communications,* 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam).

[2]    Under both of these rules, therefore, it is clear that "a court may dismiss an action if a party willfully fails to attend his own deposition." *Cowe, supra,* at *3, citing *Albright v. Bellsouth Advertising & Publishing Corp.,* 2007 WL 2917567, *3 (N.D. Ga. Oct. 5, 2007) ("dismissing case under Rule 37(d) in addition to Rule 41(b) where plaintiff failed to appear for his properly noticed deposition").

plaintiff's counsel that Mr. Vasquez could not be located (*see id.* at ¶ 3). And although the Court did grant the defendants' alternative request to compel plaintiff's deposition (Doc. 39), plaintiff's counsel was given more than a month's time to locate the plaintiff (*see id.*). As is apparent from the record, plaintiff's counsel has been unable to discover the whereabouts of his client. (*See* Attachments to Doc. 41.) The conduct of Mr. Vasquez in leaving this jurisdiction without providing his attorney a forwarding address constitutes willful abandonment of this action and willful disregard of the orders entered by the undersigned, including the Rule 16(b) scheduling order (Doc. 22) and the motion to compel (Doc. 39). The plaintiff's failure to attend his properly-noticed deposition on September 7, 2012, after being compelled to do so, demonstrates a clear pattern of delay and willful contempt of court. Accordingly, the undersigned recommends that the defendants' motion to dismiss this action as a discovery sanction pursuant to Rule 37 (Doc. 41) be **GRANTED**. *See Reed, supra,* at 676 ("Under Rule 37, the court is not required to assess whether lesser sanctions would suffice.").[3]

## CONCLUSION

The Magistrate Judge recommends that the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 37 for failure to attend deposition (Doc. 41) be **GRANTED**. As well, it is appropriate for the Court to dismiss this action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, given plaintiff's willful conduct

---

[3] In addition, the willful contempt of the orders of this Court demonstrated by plaintiff also reveals that dismissal with prejudice pursuant to Rule 41(b) is appropriate, as no lesser sanction will suffice.

and because no lesser sanction will suffice.

**DONE** this the 18th day of September, 2012.

       s/WILLIAM E. CASSADY
      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.   Failure to   do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.   Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[4]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).